UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61474-Civ-Lenard/Turnoff

ALAN R. DROSSIN,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, ALAN R. DROSSIN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MEDICREDIT, INC., is a corporation and citizen of the State of Missouri with its principal place of business at Suite 690, Three Cityplace Drive, St. Louis, Missouri 63141.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from ambulance services provided by the City of Burbank Paramedic Services.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

August 12, 2008 – Pre-recorded message
Hello. This is an important message for Alan Drossin. This is not a sales or marketing phone call. Please call us back at 1-888-674-2736. Thank you.

August 15, 2008, 2:40 PM – Pre-recorded message
Hello. This is an important message for Alan Drossin. This is not a sales or marketing phone call. Please call us back at 1-888-674-2736. Thank you.

August 15, 2008 – 5:53 PM

I am leaving a message for Alan Drossin. My name is Nancy. Please return the call. The number is 951-898-4436. Thank you.

September 12, 2008 – Pre-recorded message
Hello. This is an important message for Alan Drossin. This is not a sales or marketing phone call. Please call us back at 1-888-674-2736. Thank you.

September 17, 2008
Hi. This message is for Alan Drossin. If you can please return my phone call. My name is Yvette and my number is 951-898-4477. Again, my number is 951-898-4477. Thank you.

October 1, 2008 – Pre-recorded message
Hello. This is an important message for Alan Drossin. This is not a sales or marketing phone call. Please call us back at 1-888-674-2736. Thank you.

November 20, 2008
Yes. This message is for Alan Drossin. Alan, please call Bonnie. My number is 951-898-4444. It is about 10 AM on Thursday. I am in the office till 5 PM. Thank you.

March 27, 2009
This message is for Alan Drossin. Alan, please call Bonnie. My number is 951-898-4444. Thank you.

March 30, 2009
This message is for Alan Drossin. Alan, it's important that you call Bonnie at 951-898-4444. Right now it is 2:00 P.M. I am in California. I am with Medicredit. I am in the office until 8:00 P.M. Please give me a call back at 951-898-4444. Thank you.

11.     Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).

3

13. Defendant failed to inform Plaintiff that the communication was from a debt collector.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

14. Plaintiff incorporates Paragraphs 1 through 13.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

16. Plaintiff incorporates Paragraphs 1 through 13.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

## CLASS ACTION ALLEGATIONS

18. Plaintiff incorporates the foregoing paragraphs.

19. This action is brought on behalf of a class defined as:

    a. all United States residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity,

    b. in an attempt to collect a debt incurred for ambulance services

    c. arising from an alleged debt due the City of Burbank Paramedic Services

    d. during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

20. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

21. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. whether Defendant's messages violate the FDCPA and

    b. whether Defendant is a debt collector.

22. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

24. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

25. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class and against Defendant for:

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-61474-Civ-Lenard/Turnoff

ALAN R. DROSSIN,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 16, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/Donald A. Yarbrough
                                            Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Elizabeth M. Bohn, Esq.
Jorden Burt LLP
Suite 500
777 Brickell Avenue
Miami, FL 33131
Telephone: 305-347-6879
Facsimile: 305-372-9928

Via Notices of Electronic Filing generated by CM/ECF

8