UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-61474-Lenard/Turnoff

Alan R. Drossin, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.  **CORRECTED VERSION**

Medicredit, Inc.

    Defendant.
_____/

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Medicredit, Inc. ("Medicredit") answers the First Amended Class Action Complaint ("the Amended Complaint") filed in this matter by paragraph number corresponding to the Complaint as follows:

1. Admit the Amended Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). Otherwise denied.

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that Defendant has attempted to collect a debt from Plaintiff. Otherwise denied.

9. Insufficient knowledge to admit or deny, therefore, denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. See responses to paragraphs 1-13 above.

15. Denied.

16. See responses to paragraphs 1-13 above.

17. Denied. Also, legal argument, no response required.

18. See responses to paragraphs 1-13 above.

19. Without knowledge, therefore denied. Also, denied that the one-year period should run from the date of filing the Complaint, if at all; it should run from the date of filing the Amended Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

2. Plaintiff has sustained no actual damages.

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff is not an adequate representative of the class.

5. The prerecorded messages described in the Amended Complaint did not convey information regarding a debt, and thus, were not "communications" under 15 U.S.C §1692a, which states, in pertinent part:

> 15 U.S.C. §1692a. Definitions
>
> (2) The term *"communication"* means *the conveying of information regarding a debt* directly or indirectly to any person through any medium. (Emphasis added)

6. 15 U.S.C. §1692(e), prohibits debt collectors from using "false, deceptive, or misleading representation or means" in connection with the collection of debt. Sub-paragraph (11) of that section, one of several subparagraphs enumerating violations under it, on which Count I of the Amended Complaint relies, states:

> (11) The *failure to disclose in the initial written communication* with the consumer and, in addition, *if the initial communication with the consumer is oral*, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose....

7. The prerecorded messages were not "communications" under the plain language of 15 U.S.C. §1692a. Therefore, the above requirements of 15 U.S.C. §1692(e)(11) that *communications* must disclose that they are from a debt collector does not apply. Therefore, Count I fails against Defendant as a matter of law.

8. 15 U.S.C. §1692d prohibits a debt collector from engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Sub-paragraph (6) of that section describes "the placement of telephone calls without meaningful disclosure of the caller's identity" as a violation. However, the section

does not include any language about disclosure of the substance of the call or that the call is placed by a debt collector. The prerecorded messages described in the Amended Complaint do not violate this section.

9. The prerecorded messages described in the Amended Complaint were left by a third party, not by Defendant.

10. The scripts for the prerecorded messages described in the Amended Complaint were created by a third party, not by Defendant.

11. Defendant is entitled to set off the amount of the debt owed by Plaintiff against any damages.

12. Plaintiff has failed to plead allegations with required particularity.

13. Plaintiff has failed to plead damages with required specificity.

14. Plaintiff's claims may be barred by insufficient process, insufficient service of process, or failure to join an indispensible party.

15. Plaintiff's claims may be barred by operation of the doctrines of waiver, laches, and estoppel, and/or other equitable principles.

16. Upon information and belief, Plaintiff's claims are not brought in good faith and Plaintiff is a "professional FDCPA plaintiff" as demonstrated by the attached list of eleven (11) other cases filed on his behalf and on behalf of his wife Wally Drossin, since 2007, all alleging violations of the FDCPA by various debt collection companies. Upon information and belief, having been instructed by counsel about technical FDCPA violations, Plaintiff and his wife incur and then fail to pay their debts in order to encourage collection calls and "set up" debt collectors for lawsuits for technical violations, where he has in fact neither been harmed nor sustained actual damages; Plaintiff and his counsel are thus engaged in an enterprise using the FDCPA as a

means by which he and his counsel financially enrich themselves, with Plaintiff incurring and then avoiding payment of his legitimate debts, receiving a reward of statutory damages as a bonus, and his attorney receiving attorneys' fees in connection with the litigation and settlement of his claims. This is an abuse of the FDCPA.

17. Plaintiff's claims may be barred, in whole or in part, by any or all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure. The extent to which said claims may be so barred cannot be determined until Defendant has had an opportunity to complete discovery, and, therefore, Defendant incorporates all such affirmative defenses as if set forth in full herein. Defendant hereby reserves the right to specifically add or assert other affirmative defenses as may be discovered.

18. To the extent that Defendant violated any provision of any applicable statute in connection with collection of the debt owed by Plaintiff as alleged, such violation was accidental and unintentional.

19. To the extent that Defendant violated any provision of statute in connection with collection of the debt owed by Plaintiff as alleged, such violation occurred as a result of bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

20. Plaintiff's damages, if any, were caused by the actions of third parties whose actions were not directed or controlled by Defendant.

WHEREFORE, Plaintiff's claims against Defendant should be dismissed in their entirety with further relief, as follows:

1. Issuance of a judgment against Plaintiff dismissing all claims against answering Defendant.

2.  Issuance of an order against Plaintiff awarding costs and disbursements in favor of answering Defendant.

3.  Such further and other relief as deemed by this Court to be just and equitable in favor of Defendant.

Dated:  January 27, 2010.

/s/ *Elizabeth M. Bohn*
Elizabeth M. Bohn
JORDEN BURT LLP
**Florida Bar No. 288047**
777 Brickell Avenue
Suite 500
Miami, Florida 33131
Telephone: 305-347-6814
Fax: 305-372-9928
E-mail:  eb@jordenusa.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer to First Amended Class Action Complaint of Defendant Medicredit, Inc. was served on January 27, 2010 by the Court's CM/ECF electronic mail system to those parties registered to receive electronic notices of filings in this case.

/s/ *Elizabeth M. Bohn*
Elizabeth M. Bohn

183764v1