UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-61474-Civ-Lenard/Turnoff

ALAN R. DROSSIN, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

## FINAL ORDER AND JUDGMENT

Based upon the submissions of the parties, and based upon this Court's Amended Order Approving Class Action Settlement (ECF No. 66), it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1. This Final Order and Judgment incorporates herein and makes a part hereof (I) the Class Settlement Agreement (DE 42-1), attached to the parties' August 10, 2011 Motion for Preliminary Approval (ECF No. 42), and the Exhibits thereto.

2. A class for settlement purposes is hereby finally certified (the "Class") consisting of all United States residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity (ii) in an attempt to collect a debt for ambulance services (iii) arising from an alleged debt due the City of Burbank Paramedic Services (iv) during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

Case No.: 09-61474-Civ-Lenard/Turnoff

3.     The terms and provisions of the Class Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the parties and the Class Members. The parties and the Class Members are hereby directed to implement and consummate the Class Settlement Agreement, according to its terms and provisions.

4.     The Court finds that the distribution of Notice to the Class, as implemented, constituted notice that (I) was reasonably calculated, under the circumstances, to apprize Class Members of the pendency of the action, their right to object or to exclude themselves from the proposed settlement, and their right to appear at the Fairness Hearing; (ii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) fully complied with the requirements of the United States Constitution and the Rules of the Court.

5.     The Plaintiff, as representative of the Class, and Lead Plaintiff's counsel have adequately represented the Class for purposes of entering into and implementing the settlement.

6.     The terms of the Class Settlement Agreement, this Court's Amended Order Approving Class Action Settlement, and this Final Order and Judgment shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7.     "The Effective Date" means the expiration of 10 days from the date this Final Order becomes a final, non-appealable order.

Case No.: 09-61474-Civ-Lenard/Turnoff

8. On the Effective Date, Defendant shall provide the Class Administrator with the names and addresses of the Class Members and pay the amount of $40,000.00 to the Class Administrator nominated above as a settlement check for *pro rata* distribution to each Class Member who does not timely opt out, object to or exclude himself or herself from the Class settlement after receiving the Notices of the Proposed Settlement to the Class Members. The Class Administrator shall mail and distribute *pro rata* the settlement checks to all Class Members who did not timely opt out or object to the settlement.

9. On May 26, 2011, Counsel for Plaintiff filed a Motion for Attorneys Fees and Costs. (ECF No. 58). Based upon the Motion, the Memorandum in Support (ECF No. 59), and the Affidavits submitted by counsel for Plaintiff (ECF No. 60) and attorney Scott Owens (ECF No. 61) in support thereof, the Court finds that Plaintiff's counsel's hourly rate of $350.00 is reasonable; the Court further finds that 47.47 hours is a reasonable amount of time expended in connection with this matter, and that costs in the amount of $391.00 are reasonable. Thus, the Court awards Plaintiff the amount of $16,614.50 in attorney's fees for prosecuting this action, plus costs and expenses in the amount of $391.00, for a total award in the amount of $17,005.50, to be paid in accordance with paragraph 10 *infra*.

10. Within 20 days after the Court enters an order determining and awarding Plaintiff's costs and attorney fees, or on the Effective Date, or upon the resolution of any appeal of the award of fees to Plaintiff's counsel, whichever is later, Defendant shall provide Plaintiff's counsel with a check in the amount of costs and attorney fees awarded by the Court.

11. Within 30 days following the last void date of the Class members' checks, any

Case No.: 09-61474-Civ-Lenard/Turnoff

uncashed checks or undistributed funds will be distributed by the Class Administrator to the National Consumer Law Center as a *cy pres* award for use towards consumer representation, education or advocacy.

12.	The following Release, which is also set forth in the Class Settlement Agreement, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment:

**Release.** Upon the Effective Date, Plaintiff and all Class Members ("Releasors') release and discharge Defendant and its predecessors and successors in interest and present and former subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys or assigns (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or ever had against the Released Parties under any legal theory, that were brought or that could have been brought in this lawsuit, regarding the content of pre-recorded telephone messages. This release is conditioned upon the final approval of this Agreement by the Court and the parties meeting their respective obligations as stated herein.

13.	As further set forth in the Class Settlement Agreement, Defendant does not release its claims against any members of the Class for the payment of an alleged debt. The underlying alleged debts Defendant sought to collect from members of the Class are not affected by the Class Settlement Agreement or this Final Judgment. This Final Judgment does not prevent Defendant from continuing to attempt to collect the debts allegedly owed by the Class Members or prevent Class Members from asserting any defenses they have to any debts that Defendant may now, or in the

Case No.: 09-61474-Civ-Lenard/Turnoff

future, try to collect.

14. The Court has personal jurisdiction over the parties and the Class Members, and it has subject matter jurisdiction to approve the Class Settlement Agreement, including all exhibits thereto, and enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Class Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

15. Neither this Final Order and Judgment nor the Class Settlement Agreement (nor any document referred to herein or any action taken to carry out this Final Order and Judgment) is, may be construed as, or may be used as, an admission or concession by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into or carrying out the Class Settlement Agreement (including the exhibits thereto), and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Class Settlement Agreement; *provided however,* this Final Order and Judgment and the Class Settlement Agreement may be filed in any action against or by Defendant or Released Parties (as that term is defined *supra*) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or

Case No.: 09-61474-Civ-Lenard/Turnoff

similar defense or counterclaim.

16. This action, including all individual claims and Class claims presented herein, is hereby **DISMISSED** on the merits and with prejudice against Plaintiff and all other Class Members, without fees or costs to any party, except as otherwise provided herein.

**DONE AND ORDERED**, in Miami, Florida, this 27th day of July 2011.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
　　All counsel of record